The law requires that he who deposes to a fact should have the means of knowing it. Grounds of conjecture and opinions are not sufficient. A knowledge, therefore, of the handwriting of a person should be founded on specimens of writing known to be his. Having seen him write is the most certain. But it is said to satisfy the rule if the specimens be obtained in the course of a correspondence in which pertinent answers have been received or if they be ancient authentic documents. I am not disposed to go further, for there is nothing more dangerous than a relaxation of the rules of evidence. Their object is more to prevent imposition by falsehood than even to get at the truth; my meaning is, that the law prefers that many truths should be omitted than that one falsehood should be imposed on the court. The rules, therefore, guard more against *Page 6 
the introduction of falsehood than against the suppression of the truth. In this case it is more than probable that the bank-notes which the witnesses had seen and from which they had (10) drawn their knowledge of the handwriting of the president and cashier of the bank were genuine, and therefore that the note passed by the prisoner was counterfeit. But this rests on bare probabilities, for it might well have happened that most or all of the notes from which they derived their knowledge were spurious. We cautiously refrain from giving any opinion upon the doctrines laid down inU.S. v. Holtsclaw, 3 N.C. 379. It does not appear here what the ordinary business of the witnesses was, how or when they received the notes, at what time they had passed them, or whether they had passed them at all, so as, if spurious, they might be returned upon them. All that those witnesses said may therefore well be true and yet the note in question be genuine. It is certainly better that the prosecutor should be put to the trouble of procuring better testimony than that a man should be punished in a case where it is quite possible he may be innocent. Many of these observations do not apply to Mr. Erwin; certainly he had a better opportunity of forming a correct judgment than any of the other witnesses. But even if he was admissible a new trial should be granted, because we cannot say on whose testimony the jury relied. Let there be a
New trial.
HALL, J., concurred.
Cited: S. v. Harris, 27 N.C. 291; S. v. Vinson, 63 N.C. 338; S. v.Shields, 90 N.C. 695; Williams v. Telephone Co., 116 N.C. 562; Jarvisv. Vanderford, ib., 152.
(11)